STATE OF NORTH CAROLINA v. CHARLES AUGUSTUS SHEILDS

No. 725SC229

(Filed 24 May 1972)

**Criminal Law § 171— error as to one count — absence of prejudice**

Defendant was not prejudiced by the denial of his motion to dismiss a count charging receiving stolen property or by the court's statement that the case was being submitted to the jury on counts charging larceny and receiving, where it is clear that the court actually submitted only the larceny count to the jury, and defendant was convicted of larceny only.

APPEAL by defendant from *Fountain, Judge,* 26 October 1971 Session of Superior Court held in NEW HANOVER County.

The defendant was charged in a three count bill of indictment proper in form with felonious breaking or entering, larceny, and receiving. The defendant pleaded not guilty. The State offered evidence tending to show that on 25 August 1971 Hosea Keith removed a window and knocked the door loose at Horrell's Grocery and took merchandise consisting of meat, property of R. J. Horrell, and placed it on the back porch of the store. The defendant drove to the store, and while he unlocked the trunk Keith and some others took the meat from the porch of the store and put it in defendant's automobile. The defendant told Keith that he was going to sell the meat. About 30 minutes later the defendant returned and gave Keith $23 as his share of the proceeds of the sale. Hosea Keith testified that he was a drug addict and that he stole the meat to get money for cocaine.

The defendant testified and denied any participation in the crime. He stated that on the night in question he and his wife went out to dinner, went to a movie, and then returned home.

The jury found the defendant guilty of felonious larceny and from a judgment imposing a prison sentence of three to five years, the defendant appealed.

*Attorney General Robert Morgan and Assistant Attorney General Eugene Hafer for the State.*

*O. K. Pridgen II for defendant appellant.*

HEDRICK, Judge.

The defendant contends the Court erred in denying his motion to dismiss the count charging felonious receiving, and in stating that the case was submitted to the jury on the counts charging larceny and receiving. Since the defendant was convicted only on the count charging felonious larceny, no prejudicial error is shown by the fact that the Court did deny the defendant's motion to dismiss the count charging receiving, and in stating that the case was being submitted to the jury on the counts charging larceny and receiving. It is clear that the Court submitted the case to the jury on the single count charging felonious larceny. The judge instructed the jury that it could return one of two verdicts, guilty of felonious larceny or not guilty of felonious larceny.

We have carefully reviewed the entire record and hold that the defendant had a fair trial free from prejudicial error.

No error.

Judges BRITT and PARKER concur.